STATE of Missouri, DIVISION OF FAMILY SERVICES, ex rel., T.M., Minor Child, by J.M., Next Friend, and J.M., Individually, Petitioners–Appellants,

v.

J.F., Respondent–Respondent.

No. 58246.

Missouri Court of Appeals, Eastern District, Division One.

March 12, 1991.

Leah B. Haub, Assistant Pros. Atty., St. Charles, for petitioners-appellants.

Joel B. Eisenstein, St. Charles, for respondent-respondent.

Daniel Nack, St. Charles, for guardian ad litem.

KAROHL, Judge.

Plaintiffs, the Division of Family Services (DFS) and J.M., individually and as next friend of her son, T.M., appeal from a judgment entered in a paternity action under § 210.841 RSMo Cum.Supp.1990. A jury determined that defendant, J.F., is the father of T.M. The trial court granted child support of $490 per month and ordered defendant J.F. to provide medical insurance for the care of T.M. The finding of paternity and the support orders are not appealed. The only point in contention concerns the "total sum of $3,000.00 for past support of [T.M.]" which the court ordered father to pay. J.M. and DFS each sought more than $3,000 and the judgment made

no division of the award. In Count II, J.M. requested reimbursement of $4,000 and in Count III, DFS sought $10,804.50.

Plaintiffs attempt two points on appeal:

## I.

THE TRIAL COURT ERRED WHEN IT FAILED TO ENTER JUDGMENT IN FAVOR OF APPELLANT, [MOTHER] AND AGAINST RESPONDENT, [FATHER] FOR NECESSARIES THAT [MOTHER] INCURRED IN RAISING HER MINOR CHILD, T.M.

## II.

THE TRIAL COURT ERRED WHEN IT FAILED TO ENTER JUDGMENT IN FAVOR OF APPELLANT MISSOURI DIVISION OF FAMILY SERVICES AND AGAINST RESPONDENT [FATHER] FOR THE SUM OF MONIES EXPENDED BY THE DIVISION FOR AID TO FAMILIES WITH DEPENDENT CHILDREN (AFDC) BENEFITS PAID ON BEHALF OF THE MINOR CHILD, T.M.

██ Neither of these statements comply with Rule 84.04(d). The rule clearly states "the points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and *wherein and why* they are claimed to be erroneous." (Our emphasis). Although defendant chose not to submit a brief, it would be practically impossible to respond because plaintiffs do not state "wherein and why" the court erred. *See Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978).

██ In addition to not complying with Rule 84.04, appellants' stated points contend the "trial court failed to enter judgment" for necessaries J.M. paid and DFS expended. Yet, the court's order entered a judgment "that Respondent shall pay the total sum of $3,000.00 for past support of T.M." [1] Obviously, the points on appeal are not accurate, a judgment was entered

---

1. The court was authorized to limit father's liability for past support. Section 210.841.4 RSMo     Cum.Supp.1990.

for past support. A failure to apportion is not the same as the absence of a judgment.

Appeal dismissed.

PUDLOWSKI, P.J., and GRIMM, J., concur.